Wright, J.
I think the view taken by the Supreme Court of this case was the correct one. The plaintiff had a mortgage on a vessel owned by one Wooster, which was'recorded in the office of the collector of the port of Sag Harbor, on the 8th August, 1857, and a copy thereof filed in the clerk’s office , of the town, in which the mortgagor resided, on the 19th October, 1857. William M. Betts, a creditor of Wooster, obtained an attachment from a justice of the peace, under which a constable attached the vessel on the evening of the last named day. The defendants had recovered a judgment against Wooster, on the 26th September, on which an execution, was issued and " -delivered to the sheriff of Suffolk county, on the 14th October, 1857; and the same was levied on the vessel after and subject, to the attachment by the same constable, who had been specially deputized by the sheriff for that purpose. Betts having obtained a judgment in his attachment proceedings, sold the vessel on the 2d November, 1857, subject to the plaintiff’s mortgage, for seventy dollars. The defendants became the purchasers. The proceeds of the sale satisfied Betts’ execution, and left an overplus of $20.81,- which was applied on the defendants’ execution. After the purchase of the vessel by the defendants, and on the same day, by their direction, the constable again advertised the vessel for sale, under their execution, and on the 9th NTovember sold her under such .execution, absolutely, to the defendants, for the sum of two hundred dollars, and they soon afterwards disposed of her.
The effect of the sale, under Betts’ execution, was to divest Wooster, the mortgagor and debtor, of all right or interest in the vessel, and the defendants, by their purchase, became the absolute owners of the property, except as against the mortgagee, the plaintiff in. this suit. As purchasers, they had *489 notice of the plaintiff’s mortgage, and recognized its existence and validity, purchasing the vessel for a comparatively trifling sum, because of the incumbrance upon it.
The purchase of the vessel by the defendants, on .the sale under the justice’s execution, and the indorsement of the over-plus money on the execution which had been levied upon the vessel, extinguished the lien thereof and expended the execution upon that property. The second sale under the defend ■ ants’ execution was a nullity, as the prior sale under the justice’s execution, and the purchase by the defendants, extinguished all the title of Wooster, the debtor, to the vessel, and left the defendants the owners thereof, .as they were on the day of their first purchase, subject to the plaintiff’s mortgage. The defendants, as purchasers, were estopped from denying the validity of the mortgage. They could not purchase the vessel, subject to. the mortgage, for a trifling sum, and then turn round and treat .the mortgage as a nullity.
The plaintiff’s mortgage was not filed in the office of the clerk of the town in which the mortgagor resided; until the 19th October. It was, therefore, absolutely void, as against the creditors of the mortgagor, and as against subsequent purchasers in good faith, prior to that time. (Laws of 1833, chap. 279.) It was recorded, it is true, in the office of the collector, of the port of Sag Harbor, on the day of its date, but this did not supersede the necessity of filing it in the town clerk’s office, to give it any validity, as against the creditors of the mortgagor, or subsequent Iona fide purchaser: (The Ǣtna Insurance Co. v. Aldrich, decided at December term, 1862.) It was not invalid, however, as against Betts, the attaching creditor, for his attachment was not served until after it was filed; nor .was it invalid as against the defendants, as purchasers of the vessel, for they bought with notice of it, and treating it as good.
It was invalid as against the defendants, as creditors of Wooster, when their judgment was recovered and execution thereon issued to the sheriff; but I concur with the Supreme Court, that their relation to Wooster, as creditors, so far as the mortgaged property was concerned, ceased by the sale *490 under the justice’s execution, and that consequently they do not stand in a position to test the validity of such mortgage.
There is nothing in the point now raised that the verdict being for the whole value of the property, it is erroneous. The parties consented to the amount of verdict, as rendered by the jury: whether it was for the whole value of the property can only be conjectured, as the fact does not appear from the case. But if it had been, and there had been no consent of the parties, it was not error, as the case showed that after the second sale, the defendants converted the vessel to their own use. They sold her absolutely to other parties, in repudiation of the claim of the plaintiffs.
The judgment of the Supreme Court should be affirmed.
Judgment affirmed.